DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-169-GCM
(3:00-cr-136-GCM-3)

| | | |
|---|---|---|
| JONATHAN DONNELL JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1).

## I.      Initial Screening

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that

it appears that the motion is untimely. 28 U.S.C. § 2255(f).

## II.     Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the

"AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year

statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation

period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action
in violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making a motion by such governmental action;

1

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

Here, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and attempted escape, in violation of 18 U.S.C. § 751(a). (Criminal Case Nos. 3:00-cr-136-GCM-3, 3:01-cr-22-GCM, Doc. No. 80: Plea Agreement; Doc. No. 124: Judgment). On March 26, 2002, this Court sentenced Petitioner to a total of 360 months of imprisonment. Judgment was entered on April 12, 2002, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final ten days later, when his time to file a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year in which to file a timely petition. Petitioner did not place the Section 2255 motion to vacate, however, in the prison system for mailing until March 21, 2017. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) appears to apply to render the petition timely.

Petitioner contends in the motion to vacate that his petition is timely under Section 2255(f)(4) because this Court denied his motion for a sentence reduction under Amendment 782, and the Fourth Circuit Court of Appeals affirmed the Court's denial in an Order dated August 1, 2016. This Court notes that the Fourth Circuit's affirmance of the denial of a motion for

reduction under Amendment 782 does not constitute a "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Thus, Petitioner's motion to vacate does not appear to be timely under Section 2255(f)(4). Furthermore, to the extent that Petitioner states that he seeks alternative relief under 28 U.S.C. § 1651, Petitioner cannot avoid a time bar under Section 2255(f) by attempting to seek relief through a Section 1651 writ, where he otherwise had the opportunity to bring his claim through a Section 2255 motion.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely.  If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

Signed: May 22, 2017

Graham C. Mullen
United States District Judge

3